UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CURTIS ANTHONY MOODY, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-289 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| JOSHUA BLANKELY *et al.*, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendants. | : | |
| | : | |

### ENTRY AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. NO. 7); ADOPTING, IN FULL, THE REPORT AND RECOMMENDATION (DOC. NO. 4); MOOTING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. NO. 2); AND TERMINATING THIS CASE ON THE COURT'S DOCKET

This civil rights action is currently before the Court on Plaintiff Curtis Moody's ("Plaintiff") Objection to the Magistrate Judge's Report and Recommendation ("Objection") (Doc. No. 7). Plaintiff challenges Magistrate Judge Chelsey M. Vascura's Report and Recommendation (the "Report") (Doc. No. 4), wherein she granted Plaintiff's Motion to proceed *in forma pauperis* ("IFP Motion") and further recommended that the Court dismiss Plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. (Doc. No. 4 at PageID 199.)

This case stems from an incident between Brian Moody ("Decedent") and Joshua Blankely ("Defendant Blankely") along with John Doe ("Defendant Doe"), both police officers for the Dayton Police Department and employed by the City of Dayton ("Defendant Municipality") (collectively, "Defendants"). (Doc. No. 3 at PageID 116–17.) On June 29, 2024, Defendants Blankely and Doe allegedly shot and killed Decedent, and according to Plaintiff, thereby violated

1

his constitutional rights. (*Id.*) On August 28, 2025, Plaintiff, proceeding *pro se*, filed his IFP Motion and Complaint (Doc. Nos. 1, 1-1). Plaintiff's Complaint raises a total of nine causes of action, seven claims arising under federal law and two Ohio state statutory claims. (Doc. No. 3 at PageID 119–28.) Plaintiff's federal claims, all brought pursuant to 42 U.S.C. § 1983, are as follows: (1) excessive force in violation of the Fourth Amendment against Defendants Blankely and Doe, (2) pain and suffering against Defendant Blankely, (3) a *Monell* claim against Defendant Municipality, (4) intentional infliction of emotional distress against Defendant Blankely, (5) failure to intervene against Defendant Doe, (6) assault and battery against Defendant Blankely, and (7) parental loss of consortium against unspecified defendants.[1] (*Id.* at PageID 119–26.) Plaintiff's state law causes of action include a wrongful death claim under R.C. § 2125.02(B)(3)(b) and a survival claim under R.C. § 2305.21 against Defendants Blankely and Doe.[2] (*Id.* at PageID 126–28.)

Magistrate Judge Vascura issued her Report on November 17, 2025 (Doc. No. 4). In her Report, Magistrate Judge Vascura identifies three primary bases for dismissal. (*Id.* at PageID 197–99.) First and most notably, Plaintiff, having failed to establish he is the sole beneficiary of Decedent's Estate (the "Estate") and that the Estate has no creditors, is ineligible to represent the Estate *pro se*. (*Id.* at PageID 197 (citing *Bass v. Leatherwood*, 788 F.3d 228 (6th Cir. 2015) (holding a *pro se* litigant may only represent an estate if he is the sole beneficiary, and the estate

---

[1] As further delineated in the Report, some of Plaintiff's claims, such as loss of consortium, may not be cognizable causes of action under § 1983. (*See* Doc. No. 4 at PageID 198.) As a result of the procedural issues barring Plaintiff's case as a whole, the Court here does not reach the issue of whether all of Plaintiff's federal claims are actionable under § 1983.

[2] Plaintiff's asserted basis for jurisdiction as to his federal claims is federal question jurisdiction under 28 U.S.C. § 1331. (*See* Doc. No. 3 at PageID 116.) Plaintiff does not explicitly state the jurisdictional basis for his state claims, and while he presumably petitions for the exercise of supplemental jurisdiction over those claims, Plaintiff ultimately bears the burden of establishing subject matter jurisdiction. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017).

has no creditors)).) Second, some of Plaintiff's federal claims are not cognizable under § 1983. (*Id*. at PageID 198.) And finally, having recommended dismissal of the claims over which this Court has original jurisdiction, the Report recommends dismissal of Plaintiff's two supplemental state claims. (*Id*.) Plaintiff's Objection, meanwhile, is wholly unresponsive to the Report and largely repetitive of his Complaint. (*See* Doc. No. 7.) After Magistrate Judge Vascura granted him an extension, Plaintiff filed said Objection on December 15, 2025 (*See generally id*.). Consequently, the instant matter is ripe for review.

If a party objects within the allotted time to a United States magistrate judge's report and recommendation, then the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b).  However, a "party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (alterations in original) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has conducted a *de novo* review of the record in this case and neither Plaintiff's Complaint nor his Objection is well-taken. First, the Court finds it prudent to reiterate that Plaintiff's Objection fails to address a single issue raised in the Report; instead, Plaintiff merely reasserts the allegations already raised in his Complaint. (*See* Doc. No. 7.) Nevertheless, out of an

3

abundance of caution, the Court reassesses those issued raised by Magistrate Judge Vascura. (*See* Doc. No. 4 at PageID 4–6.) Specifically, the Court examines the Report's first basis for dismissal—namely, Plaintiff's ineligibility to represent the Estate *pro se*. (*Id.* at PageID 4–5.) After review, the undersigned is of the opinion Magistrate Judge Vascura correctly deemed this first issue dispositive.

Where a Plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal standard to be applied in the § 1915(e)(2)(B)(ii) context is the exact same as that which courts apply in ruling on Rule 12(b)(6) motions to dismiss for failure to state a claim. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) ("We now decide that the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissal for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)."). "In federal courts, a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted may properly be utilized to assert a defense of lack of capacity to sue." *Cap. City Energy Grp., Inc. v. Kelley Drye & Warren LLP*, No. 11-CV-00207, 2011 WL 5175617, at *2 (S.D. Ohio Oct. 31, 2011) (quotation marks and citations omitted). The Report recommends *sua sponte* dismissal for failure to state a claim because Plaintiff, having failed to demonstrate he meets the prerequisites to represent the Estate *pro se*, lacks the capacity to sue. (Doc. No. 4 at PageID 197.) The Court agrees.

A *pro se* plaintiff is prohibited from representing an estate unless he is the sole beneficiary, and the estate has no creditors. *See Bass*, 788 F.3d at 230. Here, Plaintiff has not demonstrated that he meets either prerequisite. As the Report correctly notes, Plaintiff's own filings indicate the Estate may have other beneficiaries. (Doc. No. 4 at PageID 4.) For instance, Plaintiff's Motion to

Appoint Counsel makes reference to Decedent's mother and brother, both of whom are potential beneficiaries of the Estate. (*See* Doc. No. 2 at PageID 1.) Nor has Plaintiff provided any proof that the Estate either does or does not have creditors. Thus, Magistrate Judge Vascura reasonably concluded Plaintiff is ineligible to represent the Estate *pro se*, and his case, therefore, should be dismissed for failure to state a claim on which relief can be granted.[3] (*See* Doc. No. 4 at PageID 199.)

Accordingly, Plaintiff's Objection to the Magistrate Judge Vascura's Report and Recommendation (Doc. No. 7) is **OVERRULED**. The Court **ACCEPTS** the findings and recommendations made by Magistrate Judge Vascura, **ADOPTS** the Report and Recommendation (Doc. No. 4), and rules as follows:

1. Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**;
2. Plaintiff's Motion to Appoint Counsel (Doc. No. 2) is **DENIED AS MOOT**; and
3. The Clerk is directed to **TERMINATE** this case on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, January 6, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[3] The Court need not reach Judge Vascura's other dismissal grounds—non-cognizability of certain federal claims and lack of subject matter jurisdiction over the supplemental state claims—due to the dispositive nature of Plaintiff's ineligibility to represent the Estate *pro se*.